[Civ. No. 7474. Second Appellate District, Division Two.—January 20, 1931.]

JOHN M. KELLER, Petitioner, v. LYMAN M. KING, Director of Finance, etc., et al., Respondents.

244

Faries & Williamson for Petitioner.

U. S. Webb, Attorney-General, and H. H. Linney, Deputy Attorney-General, for Respondent.

CRAIG, The petitioner, a person other than the littoral or riparian proprietor, filed an application for a permit to prospect for oil and gas upon a submerged area along the Pacific coast in Santa Barbara County. Thereafter, and within a period of six months, the Standard Oil Company of California filed an application as littoral or riparian proprietor for a permit to prospect upon a portion of the same lands. The latter application was granted and the petitioner herein also received a permit to drill upon that portion of the lands described in his application not embraced in the permit to the littoral or riparian proprietor. Neither of the parties complied with the terms of said permits by commencing operations within the time prescribed by law, and their permits were forfeited and canceled by the state. Petitioner subsequently sought permission to drill upon the remainder of the area described in his application, which was refused, and he prays a writ of *mandamus* requiring the issuance either of "an amended permit or a new permit to prospect for oil and gas upon the lands described in said application and not included in the original state oil and gas prospecting permit issued to him".

Chapter 303 of the Statutes of 1921, pages 405, 409, provides that: "The surveyor general is hereby authorized . . . to grant to any person . . . a prospecting permit . . . to prospect for oil or gas . . . upon condition that the permittee shall begin drilling operations within six months from the date of the permit . . . ; provided, however, that in case of prospecting permits and leases to river beds, lake beds, overflowed, tide and submerged lands, the width or length of the prospecting permit or lease along the shore line, measured on an east and west or north and south line, shall not exceed one-quarter mile. . . . ; provided, further, however, that in case of an application for a permit or a lease covering tide, overflowed or submerged land by anyone other than the littoral or riparian proprietor, said littoral or riparian proprietor shall have six months within which to file an application for a permit or lease, *but if said littoral or riparian proprietor fails to comply with* the requirements of *this act* and its rules and regulations made in pursuance hereof, his preferential rights shall thereupon cease and forever be terminated, and the original applicant shall be permitted to proceed with the application. . . . Section 11. The surveyor general shall reserve and may exercise the authority to cancel any prospecting permit or lease upon failure by the permittee to exercise due diligence and care in the prosecution of the prospecting work in accordance with the terms and conditions stated in the *permit* or lease and shall insert in every such permit or lease issued under the provisions of this act appropriate provisions for its cancellation by him."

It is contended by the petitioner that upon the issuance of a permit to the Standard Oil Company embracing a portion of the area described in his application, his right to a permit covering the same was simply held in abeyance for a period of six months, pending action of the littoral proprietor, and that upon its *failure to comply with* the terms or conditions stated in *its permit* he was entitled to proceed with his application. But petitioner having received under his application all that the then existing conditions allowed, and having failed to exercise due diligence as defined by his permit, it was lost by cancellation. It must be remembered that petitioner is asking for this writ under his original and only application. This having

been granted to its full legal extent, its function has been performed. That permit having been canceled for a violation of its terms and conditions, it has ceased to be and is no longer subject to amendment. Reduced to its last analysis, the construction placed by petitioner upon these provisions is that a failure to drill within the prescribed period of time constitutes a violation of the act itself, as well as the rules and regulations, and the permit; that in this instance the paramount permittee lost its rights, not because of noncompliance with the requirements of the permit alone that it drill within a specified time, but "in view of the fact that the same act complained of was a violation of all three requirements, and in view of the pleadings on the subject".

We have found no authority to compel the surveyor-general to again act upon an application which has not been held in abeyance awaiting the exercise of due diligence and care in accordance with the terms and conditions stated in the permit of a littoral or riparian proprietor.

The demurrer is sustained. The peremptory writ of *mandamus* is denied.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 19, 1931, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 19, 1931.